UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RODERICK JAMISON,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>YANKTON FPC, WARDEN,<br><br>　　　　　Respondent. | 4:21-CV-04140-KES<br><br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on the *pro se* habeas petition of Roderick Jamison, a person incarcerated at the Yankton Federal Prison Camp in Yankton, South Dakota, pursuant to 28 U.S.C. § 2241. See Docket No. 1. Now pending is respondent's motion to dismiss Mr. Jamison's petition. See Docket No. 10. Mr. Jamison resists the motion. See Docket No. 13. This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## FACTS

Mr. Jamison is currently serving a 120-month sentence imposed on February 18, 2015, for distribution of a controlled substance. See Docket No. 1 at p. 1; Docket No. 12 at p. 2, ¶ 4; Docket No. 12-1 at p. 2. Respondent

projects his release date to be December 19, 2022, which constitutes an early release due to Mr. Jamison's successful completion of the Residential Drug Abuse Program ("RDAP") pursuant to 18 U.S.C. § 3621(e).  Docket No. 12 at p. 2, ¶ 4.

On August 19, 2021, respondent reviewed Mr. Jamison for pre-release placement at a Residential Re-Entry Center ("RRC") and home confinement pursuant to the five factors listed in 18 U.S.C. § 3621(b).  Id. at p. 3, ¶ 8; Docket No. 12-2.  The five factors under § 3621(b) are:  (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the person incarcerated; (4) any statement by the sentencing court concerning the purposes for which imprisonment was warranted or recommending a type of correctional facility as appropriate; and (5) any pertinent policy statement issued by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2).  18 U.S.C. § 3621(b).

As a result of this review in Mr. Jamison's case, respondent recommended he be placed into direct home detention beginning June 23, 2022, 180 days prior to his early release date.  See Docket No. 12 at p. 3, ¶ 8; Docket No. 12-2 at p. 3.  The factors reviewed by respondent show mixed factors, some of which were favorable to Mr. Jamison and others unfavorable. See Docket No. 12-2.  For example, Mr. Jamison saved over $100 during the rating period, he maintained contact with his family, he completed RDAP, and had a nice record of programming.  Id. at p. 3.  However, he had yet to complete a cognitive process therapy program, a talking with your doctor

program, a release orientation program, and a degree or apprenticeship.  Id. Respondent noted, pursuant to factor number five, that Mr. Jamison received a sentence of 120 months and the United States Sentencing Guideline range for his offense was 120-125 months.  Id.  His offense was non-violent, and he had been gainfully employed prior to his incarceration.  Id.

Mr. Jamison was notified prospectively that respondent would recommend a six-month early release date on February 24, 2021.  Docket No. 12 at pp. 4-5, ¶ 8.  Mr. Jamison filed the instant habeas petition on August 11, 2021.[1]  See Docket No. 1.  He alleges he is entitled to earlier release than respondent has determined pursuant to the Second Chance Act.  Id. Mr. Jamison did not exhaust his administrative remedies prior to filing the instant petition.  Id.

Respondent now moves to dismiss Mr. Jamison's petition on several grounds:  (1) failure to exhaust administrative remedies, (2) lack of subject matter jurisdiction, and (3) failure to state a claim upon which relief can be granted.  See Docket No. 11.  Mr. Jamison resists that motion.  Docket No. 13. Because the third ground is dispositive, the court addresses only that ground and not the first two.

---

[1] Mr. Jamison's petition is dated August 3, 2021.

## DISCUSSION

### A.  Rule 12(b)(6) Standard

One of the grounds for respondent's motion to dismiss is Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) allows dismissal of a habeas petition if the petitioner has failed to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). Petitioners must plead "enough facts to state a claim to relief that is *plausible* on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)). A habeas petition does not need "detailed factual allegations" to survive a motion to dismiss, but a petitioner must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). There is also a "plausibility standard" which "requires a [petition] with enough factual matter (taken as true)" to support the conclusion that the petitioner has a valid claim. Id. at 556. The petitioner's complaint must contain sufficiently specific factual allegations to cross the line between "possibility" and "plausibility" of entitlement to relief. Id.

There are two "working principles" that apply to Rule 12(b)(6) motions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in

4

a petition. Id. (citing Papasan, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a [petitioner] armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-18 (2d Cir. 2007)). Where the petitioner's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the petitioner has *alleged*—but has not "show[n]"—that he is entitled to relief as required by Rule 8(a)(2). Iqbal, 556 U.S. at 679 (emphasis added).

The Court explained that a reviewing court should begin by identifying statements in the petition that are conclusory and therefore not entitled to the presumption of truth. Id. at 679-80. Legal conclusions must be supported by factual allegations demonstrating the grounds for a petitioner's entitlement to relief. Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. These are the principles guiding the court's evaluation of respondent's motion.

Rule 12(b)(6) requires the court to evaluate the sufficiency of a petitioner's pleading of a claim by examining his or her petition. See FED. R.

5

Civ. P. 12(b)(6); Iqbal, 556 U.S. at 679. Rule 56, the rule for summary judgment, allows the court to consider affidavits, documents, deposition transcripts and other items extraneous to the petition in determining whether to grant the motion. See Fed. R. Civ. P. 56.

Courts evaluating a Rule 12(b)(6) motion are not strictly limited to evaluating the petition alone, however. Dittmer Props., L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013). They may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." Id. (quoting Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1357 (3d ed. 2004))).

**B.   Second Chance Act**

The Second Chance Act of 2007 ("SCA"), Pub. L. No. 110-199, 122 Stat. 657 (2008), modified 18 U.S.C. § 3624(c) to direct the Bureau of Prisons ("BOP") to ensure that a "prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Nothing in § 3624 limits or restricts the authority of the BOP under 18 U.S.C. § 3621. See 18 U.S.C. § 3624(c)(4). Section 3621 provides that a person committed to the custody of the BOP shall stay there until the

6

expiration of the term imposed or "until earlier released for satisfactory behavior pursuant to the provisions of section 3624." 18 U.S.C. § 3621(a).

Congress delegated to the BOP the authority to issue regulations pursuant to the SCA. 18 U.S.C. § 3624(c)(6). Congress indicated that the regulations should ensure that the decision to place a prisoner in an RRC or home confinement is made on an individualized basis and that the duration of the placement is sufficient "to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(B) & (C)

In his response in opposition to respondent's motion to dismiss, Mr. Jamison argues that respondent failed to consider the five factors under § 3621(b) in determining his RCC/home confinement prerelease placement. Docket No. 13 at p. 2. This is clearly not true. As discussed above, respondent has provided the detailed written individualized assessment of Mr. Jamison's circumstances pursuant to the five factors contained in § 3621(b). See Docket No. 12-2. Based upon that individualized assessment, respondent concluded that home confinement for a period of 180 days (six months) prior to his projected release date was appropriate. Id.

Mr. Jamison asserts respondent has improperly adopted a policy to grant no prisoner more than six months RCC placement. Docket No. 13 at p. 2. But he points to no evidence that this is true. Furthermore, the allegation is at odds with the document produced by respondent showing that it engaged in an individualized review in Mr. Jamison's case. Although a prisoner is *potentially eligible* for up to 12 months (365 days) RCC/home confinement placement, not

every prisoner in every case will warrant receiving the entire 12-month period. In Mr. Jamison's case, respondent considered the fact he had several programs and classes to take before his release. Docket No. 12-2 at p. 3. A similar claim was made in another SCA claim filed in this district and it was rejected. See Butler v. Hollingsworth, 4:12-cv-4099, 2012 WL 5833614, at *4 (D.S.D. Sept. 11, 2012), adopted, 2012 WL 5838995 (D.S.D. Nov. 16, 2012).

Mr. Jamison asserts his equal protection rights are being violated because other federal inmates at other federal prisons are routinely being given the full 12 months' release allowed under the SCA, while at Yankton, inmates are receiving only 6 months. Docket No. 13 at pp. 3, 6. Again, Mr. Jamison provides no evidence or proof that this is so.[2]

Mr. Jamison also argues that his rights under the SCA are being violated because respondent is not immediately crediting him for earned credits he believes he is owed under the First Step Act ("FSA"). Docket No. 13 at pp. 2-3. He argues that the SCA requires respondent to use the "most probable release date" when determining his early release date. Id. By using December 19, 2022, which does *not* include FSA credits, Mr. Jamison asserts he has been short-changed. Docket No. 13 at p. 3.

But Mr. Jamison filed a separate habeas petition asserting he was immediately entitled to be credited with earned credits under the FSA and that claim was dismissed as lacking in ripeness. See Jamison v. Cox, 4:20-cv-

---

[2] Respondent did not specifically respond to these arguments because Mr. Jamison did not raise them in his petition. He raised them only after respondent made its motion to dismiss.

8

04201-KES, Docket No. 25 (D.S.D. Aug. 25, 2021). The court will not use Mr. Jamison's FSA claim to shore up his SCA claim.

Mr. Jamison was entitled under the SCA to an individualized determination under the five factors listed in § 3621(b) as to the amount of time—if any—he was entitled to be placed at an RRC or on home confinement. He received that. He has no constitutional or statutory entitlement to require the BOP to grant him earlier release—or early release at all. Butler v. Hollingsworth, 4:12-cv-4099, 2012 WL 5833614, at *3 (D.S.D. Sept. 11, 2012), adopted, 2012 WL 5838995 (D.S.D. Nov. 16, 2012); Blueford v. Hollingsworth, 4:12-cv-4015, 2012 WL 1952947, at *4 (D.S.D. Apr. 3, 2012), adopted, 2012 WL 1952919 (D.S.D. May 30, 2012). The SCA does not entitle any prisoner to any particular length of time in an RCC or on home confinement. Id. Furthermore, the facts concerning Mr. Jamison's situation as analyzed under § 3621(b) are not so one-sided in Mr. Jamison's favor that the court can conclude the respondent erred in determining he was only entitled to six months' early release as opposed to some longer time period.[3]

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 10] on the basis that Mr. Jamison has failed to state a claim upon which

---

[3] Respondent asserts this court has no jurisdiction to review its individualized factual determinations as to particular prisoners. The court does not hold that it does have such power. However, even if the court concluded it *could* review such decisions, the decision presented to the court does not represent an abuse of discretion on the record presented.

relief may be granted. Accordingly, the court recommends dismissing Mr. Jamison's habeas petition.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1)(B). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 10th day of December, 2021.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge